UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRYSTELLE ALLANAH DAVIS,

                Plaintiff,

         -against-

NEW YORK STATE; NEW YORK CITY
POLICE DEPARTMENT; NEW YORK CITY
DEPARTMENT/BOARD OF EDUCATION,

                Defendants.

25-CV-9740 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff sues the State of New York, the New York City Police Department (NYPD), and the New York City Department of Education (DOE). By order dated April 3, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

### STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1] Plaintiff Chrystelle Allanah Davis alleges that her claims arose in Manhattan and Brooklyn, New York, between June 25, 2015 to October 2025. (ECF 1 at 19.) Plaintiff has been "neglected and abandoned by family members that did not want to be adults." (*Id.* at 21.) She has been "subject[ed] to torture and [challenges]" in New York State and "abused and mistreated" in New York City public schools throughout the five boroughs. (*Id.*) Plaintiff alleges that, on unspecified dates when she was a student in DOE schools: "Teachers discriminate[d] and t[old] me I can't sit or be seen with anyone, kick[ed] me out of school. I consented to signing out because of the bullying." (*Id.*)

Plaintiff alleges police officers, as well as family members and peers, have told her that she is a "modern day slave," a "prisoner," and a "peasant," that she is "poor" and "can't afford to live or be in New York City," and that she must "hide [her] face and stay low key" because of having made past assault reports. (*Id.* at 21.) Plaintiff has been "reprimanded from businesses without reason" and "discriminated against" in her own city. (*Id.*) She lists numerous nightlife venues and businesses as places where she experienced mistreatment or unspecified discrimination. Plaintiff asserts that she has been "convicted, wrongfully indicted by (NYPD)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

and hospitalized over again in the system," and states that she has "359 Domestic Incident Reports and 78 arrest records." (*Id.*)

Plaintiff alleges that Police Officer Paul A. Scott (badge #6880) "is allowing the families" that he "knows and is acquainted to getting me robbed and stuck up for $300." (*Id.* at 15.) She claims "these current families have had sexual intercourse with the following officer prior to getting me robbed" and that he "make [them] robb and brutally attack me." (*Id.*) Plaintiff asks that he "lose his badge and get suspended due to the dirty work he has committed while on duty." (*Id.*)

Plaintiff sues the State of New York, the NYPD, and the DOE, seeking $60 billion in damages.

## DISCUSSION

Plaintiff invokes the Court's federal question jurisdiction and asserts claims for alleged violations of her "civil rights and liberties." (ECF 1 at 3.) The Court therefore liberally construes Plaintiff's allegations as bringing claims arising under 42 U.S.C. § 1983 for alleged violations of her constitutional rights.

### A.    Defendant New York State

Plaintiff sues the State of New York. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). The Eleventh Amendment therefore bars Plaintiff's § 1983 claims against the State of New York

3

from proceeding in federal court, and Plaintiff's claims against the State of New York are dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.      Defendant NYPD**

Plaintiff names the NYPD as a defendant. An entity's capacity to be sued is generally determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)). New York City's Charter states that agencies of the City of New York cannot be sued in the name of the agency, unless the law provides otherwise. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). The New York City Charter does not authorize the NYPD to sue and be sued in the name of the agency. *See*  N.Y. City Charter ch. 17, §§ 431-438 (establishing powers of the NYPD); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) ("[T]he NYPD is a non-suable agency of the City."). Plaintiff's claims against the NYPD must therefore be dismissed because it lacks the capacity to be sued in the name of the agency.

As set forth below, the Court grants Plaintiff leave to amend her complaint, including to name one or more individual NYPD employees as defendants, or to bring claims involving the NYPD against the City of New York. To state a Section 1983 claim against a municipality such as the City of New York, however, a plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011).

C.    **Defendant NYC Department of Education**

Plaintiff's allegations against the DOE do not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff does not provide enough information for the Court and the DOE to determine whether the allegations plausibly suggest that Plaintiff is entitled to relief. The complaint does not plead facts describing what occurred, when and where any the events giving rise to Plaintiff's claims took place, and the individuals who were involved.

Moreover, even if Plaintiff were to replead her claims in an amended complaint, however, it appears from the face of the complaint, in which Plaintiff alleges that she is 27 years old, that any claims under Section 1983 against the DOE or its employees may be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions," *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)), and in New York, that period is three years, *see* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738

5

F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff would have known of her claims against the DOE or its employees at the time of the events giving rise to her claims, when she was a DOE student.

New York law provides for tolling of the limitations period in certain circumstances. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id*. at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id*. at § 208 (plaintiff is disabled by infancy or insanity). In addition, the doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl*, 296 F.3d at 82-83. Plaintiff does not provide any facts suggesting that the statute of limitations should be tolled in this case.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal of time-barred claims is appropriate, however, where the existence of such an affirmative defense is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on

statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds). If Plaintiff chooses to replead claims arising while she was a student of the NYC DOE, she should include facts showing why the claims should not be dismissed as time barred.

**D.    Improper Joinder**

Rule 20 governs a plaintiff's ability to bring claims against multiple defendants in a single action. *See* Fed. R. Civ. P. 20(a)(2). A plaintiff may join multiple defendants in one action if:

> (A) any right to relief is asserted against them jointly [and] severally . . . arising out of the same transaction, occurrence, or series of transactions and occurrences; *and*
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2) (emphasis added).

"As is clear from the plain language of Rule 20(a)(2), both criteria must be met for joinder to be proper." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009). In considering whether claims arise from the same "transactions or occurrences," courts must assess the logical relationship between the claims and determine whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* at 166 (citations omitted); *Graham-Johnson v. City of Albany*, No. 1:19-CV-01274, 2021 WL 1614763, at \*6 (N.D.N.Y. Apr. 26, 2021) (courts have "repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims.'"). Where the link between acts of wrongdoing is "too attenuated, factually and temporally," it will not support a causal connection. *Deskovic*, 673 F. Supp. 2d at 166-67. Thus, "the mere allegation that Plaintiff was injured by all Defendants is not

sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)." *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126–27 (2d Cir. 1970).

Here, Plaintiff's claims against the DOE and employees of the NYPD do not arise from the same incident and do not appear to be logically related. Plaintiff's 216-page complaint brings claims arising throughout the five boroughs of New York City during a ten-year span, from 2015 to 2025. If Plaintiff chooses to file an amended complaint, she should not join multiple defendants in this action unless the Rule 20 criteria for joinder are satisfied.

### E.   Legal Assistance

The City Bar Justice Center (CBJC) operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[2]

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid claim against an individual personally involved in violating her rights (or entity responsible for violating her rights), the Court grants Plaintiff 30 days' leave to amend her complaint to detail her claims.

---

[2] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

If Plaintiff chooses to file an amended complaint, the Court suggests that Plaintiff use the court's complaint form. First, Plaintiff must name as the defendants in the caption[3] those individuals who were allegedly involved in the deprivation of her federal rights. Second, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. Plaintiff should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief. As explained above, a plaintiff generally cannot include multiple unrelated matters against different defendants in a single action.

If Plaintiff does not file an amended complaint within the time allowed, or seek an extension of time, the Court will direct the Clerk of Court to enter judgment dismissing Plaintiff's federal claims under 28 U.S.C. § 1915(e)(2)(B)(ii) and declining supplemental jurisdiction of any state law claims, 28 U.S.C. § 1367(c)(3).

---

[3] The caption is located on the front page of the complaint. Any defendant named in the caption must also be discussed in Plaintiff's statement of claim.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. An amended complaint form is attached to this order.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    April 6, 2026
          New York, New York

                                        *Louis L. Stanton*
                                        Louis L. Stanton
                                        U.S.D.J.

10

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP

**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)




## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name          Middle Initial       Last Name

_____

Street Address

_____

County, City                    State                Zip Code

_____

Telephone Number                Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Page 4

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                          State                          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

### IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

| | | | |
|---|---|---|---|
| Address | City | State | Zip Code |

_____
Telephone Number                          E-mail Address

_____
Date                                      Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007